Filed 7/10/13  P. v. Estrada CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C071401 |
| v. | (Super. Ct. No. CRF120525) |
| ALEX VILLANUEVA ESTRADA, | |
| Defendant and Appellant. | |

A jury convicted defendant Alex Villanueva Estrada of taking and driving a motor vehicle without the owner's consent, and the trial court sentenced defendant to five years in state prison.

Defendant now contends his trial counsel rendered ineffective assistance by eliciting incriminating evidence from the victim during cross-examination.  We conclude, however, that defendant's ineffective assistance claim fails because he has not established prejudice.

We will affirm the judgment.

1

David Clayton parked his 1992 white Buick Century in front of his house in February 2012. He left a key inside a metal box in the arm rest of the Buick that opened the Buick's doors, trunk and glove compartment. The next morning, Clayton noticed the Buick was gone. He reported the missing car to the police.

Yolo County Sheriff's Deputy Jamie Rodriguez was on patrol, checking the license plates of cars in the parking garage at Cache Creek Casino. Deputy Rodriguez saw a 1992 white Buick Century in the garage, ran the license plate, and learned that the Buick was reported stolen. He noted that the Buick's steering column was damaged.

Later that morning, Deputy Rodriguez saw the Buick leave the parking garage. He followed it, activated his emergency lights and attempted to make a "felony stop" at a nearby convenience market. Deputy Rodriguez and his partner got out of their marked squad car with their guns drawn and approached the Buick. Defendant, who was driving the Buick, looked back at them and drove off. Deputy Rodriguez and his partner pursued defendant, with emergency lights and siren activated, for approximately a quarter mile before defendant pulled over and surrendered.

A search of defendant's person revealed a car key and Clayton's vehicle registration. Defendant said the key opened the doors and trunk of the Buick. The deputies photographed damage to the driver's side door lock and steering column.

Law enforcement subsequently directed Clayton to a parking lot where the Buick was being held. Clayton, an auto mechanic, noted that the driver's side door lock cylinder had been removed from his car. In addition, damage to the steering column and ignition switch allowed the car to operate without an ignition key.

A jury found defendant guilty of taking and driving a motor vehicle without the owner's consent (Veh. Code, § 10851), and the trial court found true enhancement allegations that defendant had a prior serious felony conviction (Pen. Code, § 667,

subds. (c)-(e) and served a prior prison term (Pen. Code, § 667.5, subd. (b)). The trial court sentenced defendant to an aggregate term of five years in state prison.

## DISCUSSION

Defendant contends his trial counsel rendered ineffective assistance by eliciting incriminating testimony from Clayton during cross-examination. Defendant argues that Clayton's testimony on cross-examination "went a long way in proving [defendant] was guilty of the charged crime . . . ." Thus, he contends, he was prejudiced by counsel's ineffective assistance. We disagree.

A criminal defendant has a right to the assistance of counsel. (*Strickland v. Washington* (1984) 466 U.S. 668, 684-685 [80 L.Ed.2d 674, 691-692].) This right "entitles the defendant not to some bare assistance but rather to effective assistance." (*People v. Ledesma* (1987) 43 Cal.3d 171, 215, italics omitted.) "To establish entitlement to relief for ineffective assistance of counsel the burden is on the defendant to show (1) trial counsel failed to act in the manner to be expected of reasonably competent attorneys acting as diligent advocates and (2) it is reasonably probable that a more favorable determination would have resulted in the absence of counsel's failings. [Citations.]" (*People v. Lewis* (1990) 50 Cal.3d 262, 288.)

Here, in response to a question from defense counsel on cross-examination, Clayton (who had over 30 years of auto mechanic experience) opined that any person of ordinary strength could have "punched" out the lock on the driver's side door of the Buick. In response to further questioning from defense counsel, Clayton explained the damage to the Buick's steering column: "When you break open the side of the column to gain access to the actuator rod to activate the ignition switch and start the car, there's also another piece that gets broken loose, and when that gets broken loose, that releases the little plunger that locks the steering wheel. [¶] . . . [¶] There's a little round plate inside the steering column below the steering wheel, and you cannot see it, and it has notches cut in it; okay?

"And there's a little plunger that when you turn the key off and take it out, that plunger rises up, and it goes into one of those notches, and it keeps the steering wheel locked so you cannot turn it.

"And when the steering column is broken open to enable the car to be started, not only do they break open the steering column, but they also unhook a little piece of linkage that goes from that actuator rod over to the little doohickey, the plunger that locks the plate so you can't turn the steering wheel.

"So by breaking open the steering column, it gives them the ability to start the car and unlock the steering wheel, and it also unlocks the shifter itself because the shifter is normally locked also."

Defense counsel asked Clayton why someone would go to the trouble of disconnecting the actuator rod. Clayton said "[t]he reason it is done that way as was done in my car is because it is faster and easier."

Defendant contends Clayton's testimony "went a long way in proving [defendant] was guilty of the charged crime because it established [defendant] was a sophisticated and experienced car thief who stole Clayton's Buick." Defendant also contends the testimony elicited by defense counsel "supported the impermissible inference that [defendant] was criminally disposed to committing the charged crime . . . [,] negated [defendant's] challenge to the credibility of the prosecution's case . . . [, and] had a tendency to cause the jury to condemn [defendant], not because he was believed to be guilty of the charged crimes but because he had likely escaped punishment for other offenses."

Defendant fails to establish prejudice, however, because the evidence of defendant's guilt was overwhelming. He was found driving the Buick, which was obviously stolen based on the damage to the car; he attempted to evade law enforcement after they saw him driving the stolen Buick; he had the vehicle registration papers on his person, along with the key Clayton had locked inside the car; and Clayton never gave

4

defendant permission to drive the car.  Accordingly, defendant does not "demonstrate a reasonable probability that the result would have been more favorable to him in the absence of any alleged ineffectiveness."  (*People v. Hart* (1999) 20 Cal.4th 546, 632.)

DISPOSITION

The judgment is affirmed.

                                                                MAURO                        , J.


We concur:


                        BLEASE                        , Acting P. J.


                        BUTZ                        , J.

5